*E-FILED 11/16/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>　　　　Plaintiff,<br>　v.<br>QUALCOMM INCORPORATED,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　／ | NO. 5:06-mc-80289 JW (RS)<br><br>**ORDER RE MOTION TO COMPEL COMPLIANCE WITH SUBPOENA** |

This miscellaneous action was filed under Rule 45 of the Federal Rules of Civil Procedure to compel compliance with a third-party subpoena issued by plaintiff Broadcom Corporation in this district in connection with a patent infringement action pending in the Central District of California. Counsel for Broadcom and for the third party, Atheros Communications, Inc., appeared for oral argument on November 15, 2006. After the Court stated its tentative ruling to grant the motion to enforce the subpoena, but to impose certain limitations on its scope, counsel advised the Court that their efforts to resolve their disputes through meet and confer discussions were ongoing. The Court adjourned the hearing to permit those negotiations to continue. Thereafter, counsel reported that they had reached agreement as to all issues related to the scope of production that would be required under the subpoena, but that they had not been able to reach agreement as to when Atheros would be required to produce documents or its witness for deposition.

Based on the briefing and record herein, the argument of counsel, and good cause appearing, IT IS HEREBY ORDERED THAT Atheros shall produce all responsive, non-privileged documents

in its possession, custody, or control that are within the narrowed scope of the subpoena as agreed to between Atheros and Broadcom no later than December 4, 2006. Atheros shall produce its designated witness or witnesses for deposition on a date to be agreed to by the parties, but in any event no later than December 11, 2006.

The Court is aware that the presiding judge in the underlying action pending in the Central District has set a discovery cut off of December 1, 2006, and the Court has been advised that defendant Qualcomm Incorporated (which has not participated in the proceedings in this Court) was unwilling to stipulate to extend that cut off except on conditions that Broadcom was unwilling to accept. The Court is further aware that both as a matter of comity and jurisdiction, it is not within the province of this Court to extend the general discovery cut off in the underlying action. Nevertheless, the Court has made its ruling as to when production should occur based on the understanding that a court acting on a motion to compel discovery is not constrained by the general discovery cut off when setting the deadline as to when production must occur. Were the rule otherwise, parties could not schedule discovery up to the cut off date, because if any disputes were to arise, there would always be insufficient time to obtain an order compelling compliance within the original cut off. The Court has reviewed the Local Rules of the Central District and has discovered nothing to suggest that a Magistrate Judge of that district ruling on a referred discovery motion could not similarly order compliance with a discovery request to take place after a discovery cut off set by a presiding judge.

Thus, it is the view of the Court that it is both appropriate and proper to require Atheros to produce documents and witnesses subsequent to the general cut off in this instance, and the fact that the material will be produced after the general cut off will not be a valid basis for objecting to its admission at trial.

IT IS SO ORDERED.

Dated: November 16, 2006

RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Dominic E. Massa    dominic.massa@wilmerhale.com, cheryl.lomaglio-puleio@wilmerhale.com

Jonah D. Mitchell    jmitchell@reedsmith.com, Drothschild@reedsmith.com

Elizabeth I. Rogers    elizabeth.rogers@wilmerhale.com, rebecca.mcnew@wilmerhale.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 11/16/06**                                **Chambers of Judge Richard Seeborg**

                                                    **By:**        **/s/ BAK**